GLICKSTEIN, Judge,
concurring specially.
The trial court was within its discretion in this all or nothing battle between the parents over primary residential responsibility for their two minor children.
Approximately one year after the dissolution of the parents’ marriage and the execution of an agreement whereby the parents agreed to share parental responsibility for the children and agreed to raise them in Palm Beach County, the mother initiated a post-dissolution proceeding, seeking approval to change the primary physical residence of the children to Dade County. The wife moved to Dade County following her remarriage to a resident of that county. The evaluating psychologist and other professional adviser to the court recommended temporarily, then finally, that the children’s primary residence be with her there.
I am concerned that the trial court, by its final order, took the children from the mother in the middle of the 1987-88 school year, after letting her take them for the first part of the school year on the recommendation of a professional advising the court. There is nothing compelling in the record to explain the trial court’s actions. However, under Canakaris, the record contains enough support for its order in that there is some evidence of a not yet stable second marriage of the mother. Further, the trial court specifically pointed out in its order that the children had been bom in and had attachments to Palm Beach County, which factors may have weighed heavily in the trial court’s mind. Moreover, notwithstanding my expressed concern, it would not do the children any good — at this date — to reverse just because the children’s last school year was disrupted. We cannot turn back the calendar.
My present concern, given that the children have been moved back and forth between the parents, is that the instability in the children’s lives to date not be allowed to become an ongoing factor.
I would affirm but also remand with direction that the court undertake appointment of a guardian ad litem trained pursuant to the Custody/Dissolution Project, for which The Florida Bar’s Committee on the Legal Needs of Children has worked since 1984 and which the legislature has now funded. See Fuller, Guardians Ad Litem in Custody Dispute Resolutions: Representation of the Child’s Best Interests, The Florida Bar Journal, August 1988. This direction is based upon the personal problems of the parents which must not be visited upon the children. The guardian ad litem would report to the trial court with such frequency and for such period of time as the trial court deems to be in the best interests of the children.
I would further direct that the trial court consider referring to expedited mediation the underlying subject matter, as the order being affirmed here does not address what the mother expressed in her motion to clarify and to stay before the trial court several months ago, as well as to this court, name *1035 ly, her willingness to return to Palm Beach County.
This court, which was the first to expedite children’s cases, accorded the present dispute expedited consideration in getting the matter heard. In order to eliminate uncertainty for the parties and the children, we also entered an order, immediately after oral argument, indicating disposition and advising of possible later issuance of an opinion.
Personally, I would entertain further expedited relief in the form of special oral arguments, for children caught up in disputes — as this one — that affect planning for an imminent school year. I believe that it would be feasible to implement such proposal.
Finally, a circuit judge was kind to send me recently an article from The London Times, published July 27, 1988, in the Home News Section, p. 4, describing the Bill for a Children’s Act put forward by the Law Commission. The article says of the Bill:
It shares the Lord Chancellor’s view that the Government’s review of child care law, and the Butler-Sloss report together have presented “an historic opportunity to reform the English law into a single rationalized system as it applies to the care and upbringing of children.”
Its recommendations, drawn up after four years’ consultation, cover the spectrum of the statutory powers of courts to deal with the care and upbringing of children from custody and access where marriages break up to what happens to a child if a parent dies.
Chief among them are:
A new legal concept of parenthood, recognizing that parents have responsibilities for bringing up their children and stating the courts are there to help rather than interfere;
Courts to be required to recognize the importance of the child’s point of view and wishes, and allow children to apply for orders if the court believes they are old enough to do so;
A requirement for courts to set a timetable to resolve disputes within a child’s sense of “time”;
New orders of “contact” and “residence” to replace access and custody but with a new duty on courts to make orders only where necessary and not as “part of the package” on divorce:
[[Image here]]
Nor should custody be awarded as a prize, the commission says. Instead parents should be encouraged to resolve their children’s future for themselves, and courts should deal only with the practical questions of where the children are to live or who they should visit.
The courts should have a duty to consider, rather than to approve, such arrangements and in general interfere as little as possible. Orders should reduce rather than increase the opportunities for future conflict.
In general the aim where parents disagree should be to “lower the stakes,” the commission says, so that the issue is not one where the “winner takes all” or “loser loses all.”
The commission also puts forward a checklist of factors to be considered by courts when making orders and top of this is the “ascertainable wishes and feelings of the child, considered in light of his age and understanding”; and his physical, emotional and where relevant, educational needs.
There is almost unanimous support that the child’s views should be given this statutory recognition, the paper says, and it recommends this for contested cases.
“Experience has shown that it is pointless to ignore the clearly expressed wishes of older children.”